UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL A. JUDAN, et al.,<br><br>  Plaintiffs,<br><br>   v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, AS LENDER, et al.,<br><br>  Defendants. | Case No. 15-cv-05029-HSG<br><br>**ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 9, 25 |

Pending before the Court is Plaintiffs' motion for leave to file an amended complaint. The Court finds the matter suitable for disposition without oral argument, *see* Civ. L.R. 7-1(b), and GRANTS Plaintiffs' motion.

I. **BACKGROUND**

On September 30, 2015, Plaintiffs Manuel Judan and Marylyn Callejo-Judan filed the instant action *pro se* in state court, and on November 2, 2015, the Defendants removed to the Northern District of California and filed a motion to dismiss. Dkt. Nos. 1, 9. On January 19, 2016, the Court took Defendants' motion to dismiss under submission. Dkt. No. 19. On July 14, 2016, Plaintiffs retained Mellen Law Firm, and the firm filed a notice of appearance in place of Plaintiffs pro per on July 19, 2016. Dkt. No. 25-2, ¶ 2. On August 18, 2016, Plaintiffs through their newly-acquired counsel filed a motion for leave to file an amended complaint. Dkt. No. 25.

II. **LEGAL STANDARD**

Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15. Granting or denying leave to amend a complaint is in the Court's discretion, *Cal. v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004). "In exercising this discretion, a court must be guided by

the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). "Rule 15 advises the court that 'leave shall be freely given when justice so requires.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam). "This policy is to be applied with extreme liberality." *Id*. (internal quotation marks omitted).

When considering whether to grant leave, courts examine these factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355-56 (9th Cir. 1996) (per curiam).

III. **DISCUSSION**

Since filing the complaint and opposing the motion to dismiss, Plaintiffs have obtained counsel. The proposed amended complaint sets forth proper causes of action and more clearly identifies the allegations against Defendants. Because the initial complaint was filed *pro se* and because the policy of favoring amendments under Rule 15(a) "is applied even more liberally to pro se litigants" than to parties represented by counsel, *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987), the Court finds that the interests of justice weigh in favor of granting leave to amend. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers").

There is no evidence of bad faith or undue delay. In fact, since becoming counsel a month ago, counsel from Mellen Law Firm has acted diligently and expeditiously. Counsel has reviewed the case, communicated with opposing counsel, and attempted to address deficiencies in the original complaint. Counsel indicates that "[u]pon receipt and review of the case and file documents, the Mellen Law Firm recognized that the Complaint is deficient and does not set forth proper causes of action," and the firm began drafting a first amended complaint and the instant motion. Dkt. No. 25-2, ¶¶ 3-4. On August 12 and 15, counsel emailed opposing counsel a draft of the amended complaint, seeking Defendants' stipulation in the filing of the new complaint. These actions evidence both diligence and good faith.

Moreover, the Court finds that any prejudice to Defendants is minimal. Although the

complaint alleges new causes of action, the allegations arise from the same facts alleged in the original complaint: the 2003 purchase of property in Pacifica, California and Plaintiffs' financing of the property. Given the early stage of litigation, the absence of a case schedule, and the fact that a first amended complaint drafted by Plaintiffs' newly-obtained counsel would further Defendants' (and the Court's) understanding of the case, the Court finds that any prejudice is not sufficient to deny Plaintiffs leave to amend. In addition, even were the Court to consider the currently-pending motion to dismiss on the merits, Ninth Circuit authority makes clear that leave to amend generally should be granted in most circumstances in any event. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Finally, Plaintiffs have not previously amended the complaint, and the Court concludes that amendment would not be futile in this case.

## IV.  CONCLUSION

For these reasons, Plaintiffs' motion for leave to file a first amended complaint is GRANTED. The Court directs Plaintiffs to file a first amended complaint by August 23, 2016. The pending motion to dismiss, Dkt. No. 9, is DENIED as moot.

**IT IS SO ORDERED.**

Dated: 8/19/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge