UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL A. JUDAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, AS LENDER,<br><br>Defendant. | Case No. 15-cv-05029-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 53 |

On September 5, 2017, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moved to dismiss two claims from the second amended complaint filed by Plaintiffs Manuel A. Judan and Marylyn Callejo-Judan. Dkt. No. 53 ("Mot."); *see also* Dkt. No. 50 ("SAC"). On September 19, 2017, Plaintiffs opposed the motion. Dkt. No. 55 ("Opp."). On September 29, 2017, Defendant replied. Dkt. No. 56 ("Reply"). After careful consideration, the Court **GRANTS** the motion.[1]

I. **BACKGROUND**

Plaintiffs filed their first amended complaint on August 22, 2016. Dkt. No. 27 ("FAC"). The first amended complaint asserted the following seven claims: (1) violation of California Civil Code § 2923.6; (2) violation of California Civil Code § 2923.7; (3) violation of 12 C.F.R. § 1024.41(h); (4) violation of 12 C.F.R. § 1024.41(g); (5) negligence; (6) declaratory relief; and (7) breach of the implied covenant of good faith and fair dealing.

On July 21, 2017, the Court granted in part and denied in part Defendant's motion to

---

[1] On September 5, 2017, Defendant filed a request for judicial notice in support of its motion. Dkt. No. 41. Plaintiffs filed an opposition on September 19, 2017. Dkt. No. 55-1. Defendant does not explain how this request differs from Defendant's identical request, which the Court already ruled on. *See* Dkt. No. 48 at 1–5. The Court **DENIES AS MOOT** Defendant's request because this disposition does not rely on the documents accompanying Defendant's request.

dismiss Plaintiffs' first amended complaint. Dkt. No. 48 ("Dismissal Order").[2] Specifically, the Court denied Defendant's motion with respect to Plaintiffs' first and second causes of action under California Civil Code § 2923, part of the Homeowners Bill of Rights ("HBOR"). *See* Dismissal Order at 8. The Court granted Defendant's motion in relation to all other causes of action, and provided Plaintiffs with leave to amend these claims. *Id.* at 19.

On August 18, 2017, Plaintiffs filed a second amended complaint. Plaintiffs' second amended complaint asserts two causes of action under HBOR (here, causes of action 1–2), and two causes of action under the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. § 1024.41 (causes of action 3–4). *See* SAC ¶¶ 23–67. Plaintiffs voluntarily withdrew their state law claims for negligence, declaratory relief, and breach of the implied covenant of good faith and fair dealing. *See id.* On September 5, 2017, Defendant filed a motion to dismiss causes of action 3–4 of the second amended complaint, arguing that Plaintiffs failed to state a claim on which relief can be granted. Mot. at 1.

## II. DISCUSSION

In dismissing the RESPA allegations from Plaintiffs' first amended complaint, the Court proceeded in two parts. First, the Court concluded that Plaintiffs failed to state a claim under 12 C.F.R. § 1024.41(g), which does not provide for injunctive relief. Dismissal Order at 12. Second, and with respect to both RESPA causes of action, the Court held that Plaintiffs failed to state facts plausibly showing actual damages attributable to Defendant's alleged statutory violations. *See* Dismissal Order at 13 (quoting FAC ¶ 67).

Defendant now sets forth the same three arguments it advanced in its initial dismissal motion. *See* Mot. at 2–6. First, Defendant argues that 12 C.F.R. § 1024.41(i) bars both of Plaintiffs' RESPA claims, as that subsection limits the reach of 1024.41 to a single complete loss mitigation application. *Id.* at 2–3. The Court, however, already found subsection (i) inapplicable because "these causes of action are premised not on Plaintiffs' 2015 Request for Mortgage

---

[2] The Court discussed the factual background in the Dismissal Order, and incorporates the unchanged facts and the legal analysis from that order here. In this order, the Court only discusses the facts as necessary to address the new issues raised in the second amended complaint and the renewed motion to dismiss.

2

Assistance form, but rather on Defendant's alleged failure to make a determination on the appeal of Plaintiffs' first complete loss mitigation application." Dismissal Order at 11. Defendant provides no compelling reason why the Court should reconsider that conclusion. *See* Mot. at 2; Opp. at 5.

Second, Defendant contends that recording a notice of default does not violate section 1024.41(g), as that section "only restricts a lender's ability to move for foreclosure judgment or order of sale, or conduct a foreclosure sale." Mot. at 3 (internal quotation omitted). The Court already ruled on this point, finding that Plaintiffs failed to state a claim under this subsection. *See* Dismissal Order at 11–12. Plaintiffs do not point to any new allegations in the second amended complaint that would cure this defect. *See* Opp. at 5–6. The Court again finds no reason to depart from its prior conclusion, and dismisses Plaintiffs' claim under section 1024.41(g).

Third, Defendant maintains that Plaintiffs fail to plead actual damages. Specifically, Defendant argues that Plaintiffs must plausibly state a "causal relationship" between the damages and the alleged RESPA violation, which entails a showing of actual, or pecuniary, damages. Mot. at 4. Plaintiffs argue that the addition of the following paragraph to each RESPA cause of action supports a claim for actual damages:

> Plaintiffs have suffered damages including, but not limited to, the active foreclosure of their property while Plaintiffs were in review for a foreclosure prevention alternative, loss of money, expenditure of attorneys' fees, severe emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression, according to proof at trial but within the jurisdiction of this Court [.]

SAC ¶¶ 56, 66; *see* Opp. at 6. Plaintiffs subsequently cite one case from this District for the proposition that emotional distress damages qualify as actual damages under RESPA. Opp. at 6–7 (citing *Vethody v. Nat'l Default Servicing Corp.*, No. 16-CV-04713-HRL, 2017 WL 3335970 (N.D. Cal. Aug. 4, 2017)).

The Court finds that Plaintiffs fail to adequately plead their RESPA causes of action. The Court already found insufficient Plaintiffs' allegations regarding the risk of imminent foreclosure. *See* Dismissal Order at 13. That finding likewise applies to Plaintiffs' threadbare statements

3

concerning the "active foreclosure of their property," attorneys' fees, "loss of money," and various manifestations of distress. *See Allen v. United Fin. Mortg. Corp.*, No. 09-2507, 2010 WL 1135787, at *5 (N.D. Cal. Mar. 22, 2010) (dismissing RESPA claim despite allegations that the plaintiff fell behind on his mortgage, experienced a negative credit rating, and "suffered many sleepless nights and much emotional distress" as a result of the defendants' conduct). The only authority on which Plaintiffs rely for support concluded similarly when faced with analogous allegations. *See Vethody*, 2017 WL 3335970 at *1–2 (dismissing a complaint including facts that the plaintiffs' property was "in active foreclosure," and that they suffered "loss of money" and "expenditure of attorneys' fees") (internal quotations omitted).

Plaintiffs, furthermore, fail to respond to Defendant's argument that they have not satisfied RESPA's causality requirement. *See* Mot. at 5 ("The SAC does not plead facts showing a causal connection between any actual loss and the failure to deny the appeal."); Opp. at 6–7. RESPA requires plausibly alleging a "colorable relationship" between Defendant's conduct (here, Defendant's failure to provide a timely determination on Plaintiffs' loan modification application) and Plaintiffs' actual damages. *See Allen*, 2010 WL 1135787, at *5 (dismissing RESPA claim partly for lack of causality); *Phillips v. Bank of America Corp.*, No. 5:10-CV-04561, 2011 WL 4844274, at *5 (dismissing RESPA claim where distress could have resulted from the defendant's failure to respond to queries unrelated to loan servicing); *Skaggs v. HSBC Bank USA, N.A.*, No. CIV. 10-00247 JMS, 2011 WL 3861373, at *16 (D. Haw. Aug. 31, 2011) (granting summary judgment where plaintiff's distress could have resulted from unanswered questions about mortgage ownership) (internal quotation omitted).

Plaintiffs do not plausibly allege the requisite relationship between their emotional distress and Defendant's conduct. Plaintiffs' distress could, for instance, stem from Defendant's initial denial of Plaintiffs' loan modification application in January 2015, not Defendant's alleged non-responses to Plaintiffs' subsequent appeals. *See* SAC ¶¶ 15, 51. Or, Plaintiffs' emotional distress could plausibly stem from repeated interactions with Defendant regarding Plaintiffs' loan status, as opposed to the failure to timely provide Plaintiffs with a final determination as to loss mitigation. *Id.* ¶¶ 52–55; *see* Opp. at 2–3. Plaintiffs fail to provide any facts linking their claims

4

for emotional distress or pecuniary damages to Defendant's alleged RESPA violations.[3] Plaintiffs therefore fail to state claims under RESPA sections 1024.41(g) and (h).

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion. Plaintiffs have had an opportunity to amend the two RESPA claims in their complaint, and the Court is now convinced that they cannot allege facts to cure the defects identified in the Court's Dismissal Order. The Court therefore dismisses these two claims without leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (quotation omitted)).

**IT IS SO ORDERED.**

Dated: 12/15/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] Because Plaintiffs have failed to adequately allege damages in general, the Court need not decide the specific question of whether emotional distress damages constitute actual damages under RESPA. *See, e.g.*, *Phillips*, 2011 WL 4844274, at *5 ("The Ninth Circuit has not decided whether emotional distress can constitute actual damages for purposes of 2605(f) and cases are split.") (internal quotation omitted); *Vethody*, 2017 WL 3335970, at *2 n.1 (collecting cases from this District).

5